UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CERENCE OPERATING COMPANY,<br><br>                Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>                Defendants. | Case No. 2:23-cv-00482<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT
<u>AGAINST SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS
AMERICA, INC.</u>**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Cerence Operating Company ("Plaintiff" or "Cerence") makes the following allegations against Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Defendants" or "Samsung"):

**INTRODUCTION**

1. This complaint arises from Samsung's unlawful infringement of the following United States patents owned by Cerence, which generally relate to improvements in handwritten characters recognition, voice messaging and voice command monitoring for electronic devices: United States Patent Nos. 7,395,078 ("'078 patent), 8,081,993 ("'993 patent"), 9,026,428 ("'428 patent"), 11,087,750 ("'750 patent"), and 11,393,461 ("'461 patent") (collectively, the "Asserted Patents").

2. Cerence is a wholly-owned subsidiary of Cerence Inc., a spin-off of Nuance Communications, Inc. Cerence Inc. is the world's leading provider of automotive assistant technology, primarily focusing on user interaction (UX) technology such as voice, and text input and output, and creating intelligent, flexible and intuitive in-car experiences for the world's leading automakers. Cerence has been innovating in this space for over 20 years and currently holds more than 750 patents, including over 100 mobile text entry patents relating to numerous aspects of swipe or gesture texting, predictive text, text correction, and handwritten characters technology. Cerence's mobile text entry patents include assets acquired from Nuance Communications, IBM, Motorola, Tegic Communications, Swype, and AOL. Cerence's patents have been cited over 8,000 times, including by Samsung, Google, Microsoft, and Apple, and have been used by patent examiners to block over 250 patents. Indeed, during Samsung's own patent prosecution activities alone, over 100 citations have been made to Cerence patent applications and issued patents, including at least 78 times where Cerence patent applications and issued patents were used to block Samsung's patent applications, including for example the '428 and '461 patents.

3. In June 2021, Cerence contacted Samsung regarding the potential acquisition of or license to, *inter alia,* its mobile text entry patents. In its letter to Samsung, Cerence provided Samsung with an executive summary of, *inter alia,* its mobile text entry patents. Cerence also provided Samsung with spreadsheets identifying at least some of the citations made to Cerence patent applications and issued patents during Samsung's patent prosecution, as well as instances where Cerence patent applications and issued patents were used to block Samsung's patent applications. Cerence also provided Samsung with access to an online data room with information regarding Cerence's mobile text entry patents, including Cerence's complete asset list and family tree, and identified numerous other Cerence patents and technologies through additional

correspondence. Samsung, however, has yet to stop its use of Cerence's technology or to seek a license to do so, and continues its unauthorized, infringing use of the inventions disclosed in Cerence's patents.

## PARTIES

4. Cerence is a corporation organized and existing under the laws of the state of Delaware, with a place of business at One Burlington Woods Drive, Suite 301A, Burlington, Massachusetts. Cerence is the sole owner by assignment of all right, title, and interest in the Asserted Patents, including the right to recover damages for past, present, and future infringement.

5. On information and belief, SEC is a corporation organized under the laws of South Korea, with its principal place of business at 129, Samsung-Ro, YeongTong-Gu, Suwon-Si, Gyonggi-Do, 443-742, South Korea.

6. On information and belief, SEA is corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660 and with an office located at 6625 Excellence Way, Plano, Texas 75023. SEA is a wholly-owned subsidiary of SEC and distributes certain Samsung consumer electronics products, including the Accused Products, in the United States.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts within the State of Texas, including in this District, giving rise to this action and has established minimum contacts with this forum such that the exercise of

jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents, and inducing others to do the same.

9. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). SEC is a foreign corporation, and venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3). SEA has committed and continues to commit acts of infringement in this District, and has regular and established places of business in this District, including as set forth above.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,395,078

10. Cerence realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

11. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,395,078, entitled "Voice Over Short Message Service." The '078 patent was duly and legally issued by the United States Patent and Trademark Office on July 1, 2008. A true and correct copy of the '078 patent is attached as Exhibit 1.

12. On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products with voice messaging functionality that generates and sends a non-text representation of a spoken utterance received from a user, including without limitation Samsung Galaxy mobile devices (collectively, "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '078 patent. Identification of the

Accused Products will be provided in Cerence's infringement contentions disclosed pursuant to the Court's scheduling order.

13. The Accused Products satisfy all claim limitations of one or more claims of the '078 patent, including claim 1.

14. Samsung also knowingly and intentionally induces infringement of one or more claims of the '078 patent in violation of 35 U.S.C. §271(b). Through at least the filing and service of this Complaint, Samsung has had knowledge of the '078 patent and the infringing nature of the Accused Products. Despite this knowledge of the '078 patent, Samsung continues to make, use, sell, and offer for sale the Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '078 patent. Samsung does so knowing and intending that these companies and their customers will commit these infringing acts.

15. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured Cerence and is liable for infringement of the '078 patent pursuant to 35 U.S.C. § 271.

16. As a result of Samsung's infringement of the '078 patent, Cerence is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

17. Samsung's infringing activities have injured and will continue to injure Cerence, unless and until this Court enters an injunction prohibiting further infringement of the '078 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

18. Samsung also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '078 patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '078 patent. Cerence is therefore entitled to enhanced damages.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,081,993

19. Cerence realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

20. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,081,993, entitled "Voice Over Short Message Service." The '993 patent was duly and legally issued by the United States Patent and Trademark Office on December 20, 2011. A true and correct copy of the '993 patent is attached as Exhibit 2.

21. On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products with voice messaging functionality that allows for receiving a text message containing a non-text representation of a spoken utterance and playing a synthesized audio representation of that spoken utterance, including without limitation Samsung Galaxy mobile devices (collectively, "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '993 patent. Identification of the Accused Products will be provided in Cerence's infringement contentions disclosed pursuant to the Court's scheduling order.

22. The Accused Products satisfy all claim limitations of one or more claims of the '993 patent, including claim 1.

23. Samsung also knowingly and intentionally induces infringement of one or more claims of the '993 patent in violation of 35 U.S.C. §271(b). Through at least the filing and service of this Complaint, Samsung has had knowledge of the '993 patent and the infringing nature of the Accused Products. Despite this knowledge of the '993 patent, Samsung continues to make, use, sell, and offer for sale the Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '993 patent. Samsung does so knowing and intending that these companies and their customers will commit these infringing acts.

24. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured Cerence and is liable for infringement of the '993 patent pursuant to 35 U.S.C. § 271.

25. As a result of Samsung's infringement of the '993 patent, Cerence is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

26. Samsung's infringing activities have injured and will continue to injure Cerence, unless and until this Court enters an injunction prohibiting further infringement of the '993 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

27. Samsung also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '993 patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '993 patent. Cerence is therefore entitled to enhanced damages.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 9,026,428

28. Cerence realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

29. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,026,428, entitled "Text/Character Input System, Such As For Use With Touch Screens On Mobile Phones." The '428 patent was duly and legally issued by the United States Patent and Trademark Office on May 5, 2015. A true and correct copy of the '428 patent is attached as Exhibit 3.

30. On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products that receive and recognize handwritten input from a user of a mobile device, including without limitation Samsung Galaxy mobile devices, such as the Galaxy Note 10+ (collectively, "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '428 patent. Identification of the Accused Products will be provided in Cerence's infringement contentions disclosed pursuant to the Court's scheduling order.

31. The Accused Products satisfy all claim limitations of one or more claims of the '428 patent, including claim 1.

32. Samsung also knowingly and intentionally induces infringement of one or more claims of the '428 patent in violation of 35 U.S.C. §271(b). Through pre-filing communications from Cerence and/or its agents and affiliates dating back to 2021, and through at least the filing and service of this Complaint, Samsung has had knowledge of the '428 patent and the infringing nature of the Accused Products. Despite this knowledge of the '428 patent, Samsung continues to

make, use, sell, and offer for sale the Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '428 patent. Samsung does so knowing and intending that these companies and their customers will commit these infringing acts.

33. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured Cerence and is liable for infringement of the '428 patent pursuant to 35 U.S.C. § 271.

34. As a result of Samsung's infringement of the '428 patent, Cerence is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

35. Samsung's infringing activities have injured and will continue to injure Cerence, unless and until this Court enters an injunction prohibiting further infringement of the '428 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

36. Samsung also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '428 patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '428 patent. Cerence is therefore entitled to enhanced damages.

## COUNT IV

### INFRINGEMENT OF U.S. PATENT NO. 11,087,750

37. Cerence realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

38. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 11,087,750, entitled "Methods and Apparatus for Detecting A Voice Command." The '750 patent was duly and legally issued by the United States Patent and Trademark Office on August 10, 2021. A true and correct copy of the '750 patent is attached as Exhibit 4.

39. On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products with voice command detection technology that allows for monitoring and detecting voice commands while in a lower power or standby mode, including without limitation Samsung Galaxy mobile devices, such as the Galaxy Note 10+ (collectively, "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '750 patent. Identification of the Accused Products will be provided in Cerence's infringement contentions disclosed pursuant to the Court's scheduling order.

40. The Accused Products satisfy all claim limitations of one or more claims of the '750 patent, including claim 1.

41. Samsung also knowingly and intentionally induces infringement of one or more claims of the '750 patent in violation of 35 U.S.C. §271(b). Through at least the filing and service of this Complaint, Samsung has had knowledge of the '750 patent and the infringing nature of the Accused Products. Despite this knowledge of the '750 patent, Samsung continues to make, use, sell, and offer for sale the Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '750 patent. Samsung does so knowing and intending that these companies and their customers will commit these infringing acts.

42. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured Cerence and is liable for infringement of the '750 patent pursuant to 35 U.S.C. § 271.

43. As a result of Samsung's infringement of the '750 patent, Cerence is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

44. Samsung's infringing activities have injured and will continue to injure Cerence, unless and until this Court enters an injunction prohibiting further infringement of the '750 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

45. Samsung also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '750 patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '750 patent. Cerence is therefore entitled to enhanced damages.

## COUNT V

### INFRINGEMENT OF U.S. PATENT NO. 11,393,461

46. Cerence realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

47. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 11,393,461, entitled "Methods and Apparatus for Detecting A Voice Command." The '461 patent was duly and legally

issued by the United States Patent and Trademark Office on July 19, 2022. A true and correct copy of the '461 patent is attached as Exhibit 5.

48. On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products with voice command detection technology that allows for monitoring and detecting voice commands while in a lower power or standby mode, including without limitation Samsung Galaxy mobile devices, such as the Galaxy Note 10+ (collectively, "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '461 patent. Identification of the Accused Products will be provided in Cerence's infringement contentions disclosed pursuant to the Court's scheduling order.

49. The Accused Products satisfy all claim limitations of one or more claims of the '461 patent, including claim 1.

50. Samsung also knowingly and intentionally induces infringement of one or more claims of the '461 patent in violation of 35 U.S.C. §271(b). Through at least the filing and service of this Complaint, Samsung has had knowledge of the '461 patent and the infringing nature of the Accused Products. Despite this knowledge of the '461 patent and its own knowledge of the '461 patent through the prosecution of its own patents, Samsung continues to make, use, sell, and offer for sale the Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '461 patent. Samsung does so knowing and intending that these companies and their customers will commit these infringing acts.

51. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured Cerence and is liable for infringement of the '461 patent pursuant to 35 U.S.C. § 271.

52. As a result of Samsung's infringement of the '461 patent, Cerence is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

53. Samsung's infringing activities have injured and will continue to injure Cerence, unless and until this Court enters an injunction prohibiting further infringement of the '461 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

54. Samsung also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '461 patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '461 patent. Cerence is therefore entitled to enhanced damages.

## PRAYER FOR RELIEF

WHEREFORE, Cerence respectfully requests that this Court enter:

a. A judgment in favor of Cerence that Samsung has infringed, either literally and/or under the doctrine of equivalents, the Asserted Patents;

b. A judgment and order enjoining Samsung and any of its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or acting in concert with any of them directly or indirectly, from infringing the Asserted Patents;

c. A judgment and order requiring Samsung to pay Cerence its damages, costs, expenses, and pre-judgment and post-judgment interest for Samsung's infringement of the Asserted Patents;

  d. A judgment and order requiring Samsung to pay Cerence compulsory ongoing licensing fees, as determined by the Court;

  e. A judgment and order finding that Samsung has willfully infringed the Asserted Patents and requiring Samsung to pay enhanced damages pursuant to 35 U.S.C. § 284;

  f. A judgment and order requiring Samsung to provide an accounting and to pay supplemental damages to Cerence, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products;

  g. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Cerence its reasonable attorneys' fees against Samsung; and

  h. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Cerence, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: October 13, 2023

Respectfully submitted,

/s/ *Marc A. Fenster*

RUSS AUGUST & KABAT
Marc A. Fenster, SBN 181067
Email: mfenster@raklaw.com
Benjamin T. Wang, SBN 228712
Email: bwang@raklaw.com
Andrew D. Weiss, SBN 232974
Email: aweiss@raklaw.com
Qi (Peter) Tong, SBN 300347
Email: ptong@raklaw.com
Shani M. Williams, SBN 274509
Email: swilliams@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff Cerence Operating Company*