# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CERENCE OPERATING COMPANY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | 2:23-CV-0482-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANTS' MOTION TO STAY PENDING
## *INTER PARTES* REVIEW

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND ......................................................................................... 1

III. LEGAL STANDARD .................................................................................................... 3

IV. ALL THREE FACTORS FAVOR A STAY ................................................................. 3

    A. Cerence Will Not Suffer Undue Prejudice Or Tactical Disadvantage .................. 3

    B. This Case Is In Its Early Stages ............................................................................ 5

    C. A Stay Will Likely Simplify This Case ............................................................... 5

V. CONCLUSION ............................................................................................................... 7

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Capriola Corp. v. LaRose Indus., LLC*,
  No. 8:12-cv-2346, 2013 WL 1868344 (M.D. Fla. Mar. 11, 2013) .......................................... 5

*Commc'n Techs., Inc. v. Samsung Elecs. Am., Inc.*,
  No. 2:21-CV-00444-JRG, 2023 WL 1478447 (E.D. Tex. Feb. 2, 2023) ............................ 3, 5

*Interface, Inc. v. Tandus Flooring, Inc.*,
  No. 4:13-cv-46, 2013 WL 5945177 (N.D. Ga. Nov. 5, 2013) .................................................. 5

*Krippelz v. Ford Motor Co.*,
  667 F.3d 1261 (Fed. Cir. 2012) ................................................................................................ 6

*NFC Tech. LLC v. HTC Am.*,
  No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ............................... 6

*Parallel Networks Licensing, LLC v. Ramquest Software, Inc.*,
  No. 4:19-CV-487, 2020 WL 1236266 (E.D. Tex. Mar. 13, 2020) ........................................... 4

*Select Comfort Corp. v. Tempur Sealy Int'l, Inc.*,
  No. 14-245, 2014 WL 12600114 (D. Minn. Oct. 10, 2014) ..................................................... 6

*Staton Techiya, LLC v. Samsung Elecs. Co.*,
  No. 2:21-CV-00413-JRG-RSP, 2022 WL 4084421 (E.D. Tex. Sept. 6, 2022) ........................ 4

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014) ........................................................................................... 3, 4

I.      INTRODUCTION

Between late July and October 2024, Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively, "Samsung") filed petitions for *inter partes* review ("IPR") with the U.S. Patent and Trademark Office ("PTO"), challenging the validity of all claims asserted by Plaintiff Cerence Operating Company ("Cerence") across all five patents asserted in this case.  Samsung respectfully requests that this Court stay further proceedings pending the resolution of these IPR proceedings, including all appeals.

Each of the three stay factors—potential undue prejudice to the non-moving party, the stage of the proceeding, and simplification of issues—favors entry of stay here.  First, Cerence will not be prejudiced by a stay because it does not compete against Samsung in the marketplace for smartphones and tablets, and it argues that it does not practice the patents-in-suit.  Any claims of prejudice by Cerence are undermined by its years-long delay in filing this lawsuit.  The patents-in-suit issued as early as 2008.  Moreover, Cerence waited two years to bring suit against Samsung, having contacted Samsung about the licensing or sale of its patents in June 2021 and filing this lawsuit in October 2023.  Second, this case is at its early stages; no depositions have been noticed, while the claim construction hearing is scheduled four months from now, and the trial is not scheduled to occur until next August.  Third, a stay has a high probability of simplifying or mooting this entire case given that all asserted claims of the asserted patents are challenged in the IPRs, and Samsung's IPRs present prior art grounds that were never considered before by the PTO.  The case should therefore be stayed.

II.     FACTUAL BACKGROUND

On October 13, 2023, Cerence sued Samsung.  Dkt. 1.  In its infringement contentions, Cerence identified the asserted claims as:

- Claims 1-3, 8-10, 12, and 15-17 of U.S. Patent No. 7,395,078 ("the '078 Patent");

1

- Claims 1-2, 6-8, 10-11, and 15-17 of U.S. Patent No. 8,081,993 ("the '993 Patent");

- Claims 1-18 of U.S. Patent No. 11,393,461 ("the '461 Patent");

- Claims 1-19 of U.S. Patent No. 11,087,750 ("the '750 Patent"); and

- Claim 1 of U.S. Patent No. 9,026,428 ("the '428 Patent").

Ex. 1 at 1-2.

Cerence alleges that Samsung mobile devices and wearables infringe these patents, and its allegations implicate Google software, including Google Assistant (for the '750 and '461 Patents) and Google Messages (for the '078 and '993 Patents). *Id.* at 8, 9. On July 24, 2024, Samsung and co-petitioner Google LLC filed two IPR petitions challenging the validity of all asserted claims of the '078 Patent and the '993 Patent. *See* Exs. 2–3; IPR2024-00978, IPR2024-00979. The PTAB accorded the filing dates for these petitions on August 19, 2024, meaning institution decisions are due by February 19, 2025. Exs. 4–5. On August 9, 2024, Samsung filed an IPR petition challenging all asserted claims of the '428 Patent. *See* Ex. 6; IPR2024-01267. The PTAB accorded the filing date for this petition on September 6, 2024, meaning an institution decision is due by March 6, 2025. Ex. 7. On October 16 and 17, 2024, Samsung and co-petitioner Google LLC filed two IPR petitions challenging all asserted claims of the '461 Patent and the '750 Patent. *See* Exs. 8–9; IPR2024-01464, IPR2024-01465.[1] The PTAB accorded the filing dates for these petitions on October 25, 2024, meaning institution decision are due April 25, 2025. Exs. 10–11.

This case is still in its early stages. Cerence served its infringement contentions on March 11, 2024. Although Samsung produced source code for the accused Samsung functionalities on May 28, 2024, Cerence has yet sought to amend its infringement contentions

---

[1] The five IPR petitions also challenge additional, unasserted claims across the patents-in-suit.

2

with source code citations. Samsung served its invalidity contention on May 28, 2024 and served amended invalidity contentions on September 24, 2024. The only opposed motions filed to date are Samsung's pending motion to consolidate this action with a second Cerence case pending in the same district, and Samsung's motion to transfer this case to the Northern District of California. Dkts. 50, 54. Discovery is in its early stages. No party depositions have been noticed, no depositions have been taken, and the parties have just begun conducting third-party discovery. The *Markman* hearing is set for February 21, 2025, fact discovery ends on March 17, 2025, and jury selection is scheduled for August 4, 2025. Dkt. 29. Samsung promptly filed this Motion within two weeks of filing the IPR Petitions for the '461 Patent and the '750 Patent.

### III.  LEGAL STANDARD

Courts in this District consider three factors when determining whether to grant a stay pending IPR: (1) whether the stay will unduly prejudice the non-moving party; (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set; and (3) whether the stay will likely result in simplifying this case. *See Commc'n Techs., Inc. v. Samsung Elecs. Am., Inc.*, No. 2:21-CV-00444-JRG, 2023 WL 1478447, at *1 (E.D. Tex. Feb. 2, 2023). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.* (citation and quotations omitted). All three factors favor a stay here.

### IV.  ALL THREE FACTORS FAVOR A STAY

#### A.  Cerence Will Not Suffer Undue Prejudice Or Tactical Disadvantage

"[W]hether the patentee will be unduly prejudiced by a stay in the district court proceedings . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). Here, there is no need for an expeditious resolution of Cerence's claims.

3

Cerence does not compete with Samsung in the marketplace; notably, Cerence does not sell either smartphones or tablets, and it presently alleges that it has no practicing products. Ex. 1 at 34. Accordingly, Cerence can be fully compensated for any alleged harm through monetary damages, which would be unaffected by a short stay of this action. *See VirtualAgility*, 759 F.3d at 1318 (noting "[a] stay will not diminish the monetary damages to which VA will be entitled if it succeeds in its infringement suit—it only delays realization of those damages"); *see also Staton Techiya, LLC v. Samsung Elecs. Co.*, No. 2:21-CV-00413-JRG-RSP, 2022 WL 4084421, at *2 (E.D. Tex. Sept. 6, 2022) (noting that "Plaintiffs express concern that the stay will delay their interest in timely enforcement of patent rights and that the stay could be extended beyond the initial PTAB decision" but that "[t]his concern is present in every case in which a patentee resists a stay, and is therefore not sufficient, standing alone, to defeat a motion to stay") (citations and quotations omitted). Where "the only potential prejudice Plaintiff faces is the delay in litigating its patent rights—a minimal prejudice present in every case in which a stay is sought[—][w]ithout more, the Court finds that the first factor weighs slightly in favor of granting the stay." *Parallel Networks Licensing, LLC v. Ramquest Software, Inc.*, No. 4:19-CV-487, 2020 WL 1236266, at *3 (E.D. Tex. Mar. 13, 2020).

Further, Cerence delayed suing Samsung many years after the patents issued starting in 2008, and more than two years after first approaching Samsung seeking a patent license or sale agreement, and therefore cannot claim any potential harm from a stay. Cerence first contacted Samsung about licensing its patent portfolio in June 2021, but then waited over two years before filing this lawsuit. Dkt. 1, ¶ 3. Cerence cannot now claim undue prejudice from a delay pending resolution of proceedings on Samsung's IPRs. *See VirtualAgility*, 759 F.3d at 1319 (delay of "nearly a year" in filing suit weighed against finding of undue prejudice).

4

### B. This Case Is In Its Early Stages

The parties are at the early stages of written and document discovery, as no depositions have been taken and no party depositions have been noticed. The parties only recently began serving third-party subpoenas, and no depositions have been scheduled so far. Claim construction exchanges just began on October 18, 2024. The *Markman* hearing is four months away on February 21, 2025, and jury selection is nearly ten months away on August 4, 2025. Dkt. 29.

The case is ripe for a stay before the Court or the parties expend additional resources on discovery and claim construction. Because "the bulk of the expenses that the parties would incur . . . are still in the future," the stage-of-the-litigation factor favors a stay. *Commc'n Techs.*, 2023 WL 1478447, at *3 (citation and quotations omitted).

### C. A Stay Will Likely Simplify This Case

Courts have identified several ways a stay pending IPR could simplify issues, including: (1) allowing the PTAB, with its particular expertise, to consider prior art and invalidity issues before they are presented to the court; (2) avoiding the possibility of inconsistent results on the invalidity issues considered by the PTAB; (3) alleviating discovery problems, including as it relates to invalidity issues; (4) reducing the costs and burdens for both the parties and the court; (5) narrowing the issues, defenses, and evidence that need to be presented at pretrial conferences and at trial; and (6) encouraging settlement. *See Interface, Inc. v. Tandus Flooring, Inc.*, No. 4:13-cv-46, 2013 WL 5945177, at *4 (N.D. Ga. Nov. 5, 2013); *Capriola Corp. v. LaRose Indus., LLC*, No. 8:12-cv-2346, 2013 WL 1868344, at *1 (M.D. Fla. Mar. 11, 2013).

All of these reasons are present here. There is a high probability that Samsung's IPRs will simplify the case by resulting in a determination of invalidity. According to the PTO's most recent trial statistics from August 2024, the PTAB instituted IPR proceedings on approximately 67% of all petitions filed thus far in 2024, and similarly instituted 68% of petitions in the

5

Electrical/Computer technology area (which is the area of the patents-in-suit). Ex. 10, PTAB Trial Statistics August 2024 IPR, PGR at 6, 8. The high likelihood of simplification demonstrated by these statistics weighs in favor of a stay. *See, e.g.*, *Select Comfort Corp. v. Tempur Sealy Int'l, Inc.*, No. 14-245, 2014 WL 12600114, at *4 (D. Minn. Oct. 10, 2014). Institution is particularly likely here because each of Samsung's petitions presents references that were never considered during original prosecution of the asserted patents, and each petition offers multiple different grounds for invalidity based on those references. Ex. 2 at 1–2; Ex. 3 at 1–2; Ex. 4 at 1-2, 5; Ex. 8 at 1–2; Ex. 9 at 1–2.

Issuing a stay in this case could also obviate the need for the Court and parties to have to engage in *Markman* proceedings, which will require this Court to study the five asserted patents, their fifty-eight asserted claims, and the relevant technologies accused by Cerence as part of the *Markman* process. It would also avoid the risk of inconsistent claim interpretations and outcomes between this case and the IPRs. Similarly, a stay would also avoid burdening the Court, whereas any time and effort spent by the Court to study the asserted patents and claims would be wasted if the asserted patents are ultimately invalidated in the IPRs.

Even if the IPR petitions are denied institution or the IPRs do not invalidate all claims, statements made by Cerence or the PTO during the IPR proceedings could clarify the meaning or scope of any surviving claims. *See, e.g.*, *Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266 (Fed. Cir. 2012) ("A patentee's statements during reexamination can be considered during claim construction, in keeping with the doctrine of prosecution disclaimer."). Clearer claim scope can help the parties narrow the scope of discovery. *See, e.g.*, *NFC Tech. LLC v. HTC Am.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015) ("Many discovery problems relating to prior art can be alleviated by the PTO examination."). Moreover, clearer claim scope

will likely reduce the burden of claim construction on this Court by allowing the PTAB, with its expertise, to consider prior art and invalidity issues before they are presented to the Court.

A stay is particularly appropriate here given the cost and complexity of discovery that Samsung, Cerence, and third parties would bear to address Cerence's allegations. Those allegations implicate more than 217 Samsung mobile devices and at least six different accused software applications developed by Samsung and Google, including Bixby Assistant, Samsung Keyboard, Samsung Messages, Google GBoard, Google Assistant, and Google Messages. *See* Ex. 1 (Cerence's Infringement Contentions Cover Sheet) at 2–8. Samsung expects that most of its fact witnesses will be native Korean speakers, and that those witnesses will need to be deposed in Korea with interpreter assistance. Further, the parties' claims and defenses collectively implicate multiple fact witnesses from whom discovery will be needed, including: (1) the engineers who work on each of the several aforementioned software applications, including from third-party Google; (2) authors of prior art; (3) the nine living inventors of the asserted patents; (4) Nuance, the original assignee of the Asserted Patents; and (5) other third parties including Microsoft and Apple. Such costs and burden on third parties would be wasted if the asserted patents in this case are later invalidated by the PTAB.

Thus, a stay pending completion of the IPR would resolve or significantly simplify issues under any outcome of the proceedings, whether the claims are affirmed or canceled.

## V.   CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court stay this litigation pending final resolution (including through appeals to the Federal Circuit) of the IPRs. In the alternative, should the Court conclude this case does not warrant a stay before institution of the IPRs, Samsung requests that the Court permit Samsung leave to renew this Motion if and when the PTAB grants institution.

Dated: October 25, 2024						Respectfully submitted,

By: */s/ Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

Patrick C. Reidy
patrick.reidy@arnoldporter.com
**Arnold & Porter Kaye Scholer LLP**
70 West Madison Street, Suite 4200
Chicago, IL 60602
Telephone: (312) 583-2424
Facsimile: (312) 583-2360

Jin-Suk Park
jin.park@arnoldporter.com
Ali R. Sharifahmadian
Ali.Sharifahmadian@arnoldporter.com
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Facsimile: (202) 942-5555

Ryan M. Nishimoto
ryan.nishimoto@arnoldporter.com
**Arnold & Porter Kaye Scholer LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Darin W. Snyder
dsnyder@omm.com
Luann L. Simmons
lsimmons@omm.com
Mark Liang (pro hac vice)
mliang@omm.com
Bill Trac

8

btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700

Jeffrey D. Baxter (Tex. #24006816)
jbaxter@omm.com
**O'MELVENY & MYERS LLP**
2801 North Harwood Street, Suite 1600
Dallas, TX 75201-2692
Telephone: (972) 360-1900

Renia Zervos (pro hac vice)
rzervos@omm.com
Kyla Butler (pro hac vice)
kbutler@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300

*Attorneys for Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail.

Dated: October 25, 2024            */s/ Melissa R. Smith*
                                             Melissa R. Smith

## CERTIFICATE OF CONFERENCE

On October 24, 2024, pursuant to Local Rule CV-7(h), counsel Mark Liang and Bill Trac for Samsung conferred telephonically with counsel James Tsuei and Minna Jay for Cerence Operating Company, and counsel for Cerence Operating Company indicated that Cerence Operating Company is opposed to the relief sought by this Motion.

Dated: October 25, 2024            */s/ Melissa R. Smith*
                                             Melissa R. Smith