IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CERENCE OPERATING COMPANY,<br><br>*Plaintiff,*<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants.* | Case No. 2:23-cv-0482-JRG-RSP |

**MEMORANDUM ORDER**

Before the Court is the Motion to Transfer Venue to the Northern District of California Pursuant to 28 U.S.C. § 1404(a) filed by Defendants Samsung Electronics Co. Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA"). **Dkt. No. 54**. For the reasons discussed below, the Motion is **DENIED**.[1]

I.  **BACKGROUND**

On October 13, 2023, Plaintiff Cerence Operating Company filed the instant suit. Dkt. No. 1. Plaintiff alleges that SEC and SEA infringe U.S. Pat. Nos. 7,395,078; 8,081,993; 9,026,428; 11,087,750; and 11,393,461. *Id.* at 1.

Defendants SEC and SEA filed the instant Motion to Transfer on October 22, 2024, more than a year after this lawsuit was served upon them. Dkt. No. 9. In the Motion, Defendants requests that the Court transfer this case to the Northern District of California ("NDCA"). *Id.* at 1.

---

[1] Also before the Court is Defendants' Motion to Stay Pending Resolution of the above Motion to Transfer (**Dkt. No. 80**), which, in light of this Order, is **DENIED AS MOOT**.

On November 6, 2024, the Court granted a Joint Motion for Venue Discovery. Dkt. No. 60.

Briefing on the Motion to Transfer is now complete.[2]

## II.     LEGAL STANDARD

A federal district court may transfer a case "for the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*"). The question of whether a suit "might have been brought" in the transferee forum encompasses subject matter jurisdiction, personal jurisdiction, and propriety of venue. *Id.* at 203. Only if this statutory requirement is met should the Court determine whether convenience warrants a transfer of the case. *See id.*; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). The burden to prove that a case could have been brought in the transferee forum falls on the party seeking transfer. *See Volkswagen II*, 545 F.3d at 315; *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963).

In regards to the propriety of venue specifically, the Judicial Code provides that 28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions" and is not supplemented by the general venue statutes. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 266 (2017) (citing *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 229 (1957)). Pursuant to 28 U.S.C. § 1400(b), venue lies "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a

---

[2] After Defendants filed the instant Motion, Plaintiff responded on January 10, 2025. Dkt. No. 84. Defendants then replied on January 23, 2025 (Dkt. No. 89), with Plaintiff sur-replying on February 4, 2025 (Dkt. No. 96).

regular and established place of business." 28 U.S.C. § 1400(b).

Three elements must be met in order to establish that a defendant has a regular and established place of business in the district: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. *In re: Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Once the moving party has established that the instant case could have been brought in the transferee forum, the Court moves on to consider the private and public factors provided in *Volkswagen I*. The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

"It is the movant's burden—and the movant's alone—to adduce evidence and arguments that clearly establish good cause for transfer based on convenience and justice." *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024) (citing *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022)). "[S]howing "good cause" requires the movant to "clearly demonstrate" that its chosen venue is "clearly more convenient." *Id.* (internal citations and quotations omitted). That standard is not met if the movant merely shows that the transferee venue is more likely than not to be more

3

convenient. *Id.* (internal citations and quotations omitted). Likewise, the fact that litigating would be more convenient for the defendant elsewhere is not enough to justify transfer. *Id.* (internal citations and quotations omitted). "[T]o establish good cause, a movant must show (1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue." *Id.* (emphasis in original).

In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but must draw all reasonable inferences and resolve factual disputes in favor of the non-movant. *See Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123, 2019 U.S. Dist. LEXIS 205696, 2019 WL 6345191, at *2 (E.D. Tex. Nov. 27, 2019); *cf. Trois v. Apple Tree Auction Cent. Inc.*, 882 F.3d 485, 492-93 (5th Cir. 2018) (reviewing a transfer under § 1406); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (reviewing enforcement of a forum-selection clause).

### III.   ANALYSIS

A motion to transfer under 1404(a) carries a high burden. *See generally In re Clarke*, *supra*. Here, Samsung has failed to meet that burden.

#### A.   Propriety of the Transferee Forum

Before the Court engages in the balancing of the private and public interest factors, we will first assess the threshold issue of whether this case could have been brought in the transferee forum of NDCA. The parties do not dispute that NDCA would have both subject-matter jurisdiction and personal jurisdiction; their only disagreement is over the propriety of that venue. *See* Dkt. No. 54 at 8; *compare* Dkt. No. 84 at 4-5.

Samsung argues that SEA has a regular place of business there and that SEC, as a foreign corporation, can be sued in any district. Dkt. No. 54 at 8.

Cerence does not dispute this but instead argues that (1) Samsung filed patent infringement counterclaims against Cerence in a separate case ("Cerence II"); (2) that Samsung moved to consolidate the instant case with Cerence II; and (3) that Samsung intends to attempt to transfer Cerence II to the Northern District of California. Dkt. No. 84 at 4-5. Plaintiff contends that this would violate 1400(b) because Plaintiff has no regular place of business in NDCA and, therefore, "Samsung must withdraw its motion to consolidate, prove that its motion to consolidate will not be granted, or withdraw its Cerence II patent counterclaims before the Court can proceed beyond the threshold inquiry." *Id.* at 5.

While this argument may present a serious obstacle to transfer of this case, it is unnecessary for the Court to reach it in view of the outcome reached below.

### B. Balancing the Private and Public Factors

The Fifth Circuit directs the Court to avoid a mere tallying of the factors in resolving this dispute. *See In re Radmax, Ltd.*, 720 F.3d 285, 290 n.8 (5th Cir. 2013) ("We do not suggest—nor has this court held—that a raw counting of the factors in each side, weighing each the same and deciding transfer only on the resulting 'score,' is the proper methodology."); *see also SQIP, LLC v. Cambria Co., LLC*, No. 4:23-CV-202-SDJ, 2024 WL 1346498, at *2 (E.D. Tex. Mar. 29, 2024) ("[C]ourts are not to merely tally the factors on each side."). To that end, the Court considers not only each factor's outcome but also its weight to determine whether the actual convenience of the proposed transferee forum is "clearly more convenient" than that of this district. *In re Chamber of Commerce of United States of Am.*, 105 F.4th 297, 310 (5th Cir. 2024) (quoting *In re Clarke*, 94 F.4th at 508).

5

i. **Private Interest Factors**

a. **Ease of Access to Sources of Proof**

Beginning with the first factor, relative ease of access to sources of proof, Samsung argues that NDCA is more convenient because "a substantial portion of relevant documentary evidence is with third-party Google," which provides accused functionality and that Google engineers knowledgeable about this functionality reside in and about NDCA. *See* Dkt. No. 54 at 10-11. They further argue that technical documentation and source code related to the accused functionalities "were created and maintained by Google engineers" in NDCA. *Id.* at 11. Also, they assert that prior art witnesses (*see* Section III.B.i.b below) are "likely to have evidence in the NDCA relating to their prior work" and that the "likely presence of such physical evidence in California favors transfer." *Id.* Finally, they contend that evidence coming from outside the United States (including, as they concede, their evidence in Korea) is neutral to the analysis. *Id.*

In response, Cerence argues that the majority of its electronic evidence is located outside of NDCA in places such as the East Coast, Europe, Eastern Canada, or China. Dkt. No. 84 at 12. They contend that if technical witnesses need to bring any access-controlled source code to trial, they would find this District more convenient. *Id.* at 12-13. Next, Cerence asserts that Samsung's technical evidence as well as relevant Google documents are electronically stored and, therefore, are equally as accessible in Texas as they are in California. *Id.* at 13. Finally, they point out that Samsung admits that it maintains evidence related to marketing and finances at their Plano office in this district. *Id.*

The Court finds that this factor is neutral. While courts should consider "the location of document custodians and [the] location[s] where documents are created and maintained," (*In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021)) "[w]hen the vast

majority of the evidence is electronic, and therefore equally accessible in either forum, this factor bears less strongly on the transfer analysis" (*In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023) (cleaned up) (quoting *In re Planned Parenthood Fed'n Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022))).

Here, Samsung's argument about evidence coming from the prior artists is too vague and speculative: "[the prior artists] are *likely* . . . to have evidence," and, "[t]he *likely* presence of such physical evidence in California . . . ." A movant's failure to identify documents and other evidence with sufficient specificity and with sufficient certainty is a failure to meet their burden on transfer. *See Diem LLC v. BigCommerce, Inc.*, No. 6:17-CV-00186-JRG, 2017 WL 6729907, at *2 (E.D. Tex. Dec. 28, 2017). As the Fifth Circuit recently held, the movant must show "that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue." *In re Clarke, supra* at 508 (emphasis original).

Regarding Samsung's evidence in Korea and Cerence's evidence in Europe, Eastern Canada, and China, as this Court has previously stated, "with documents well outside the United States, the relative ease of access to [the] documents will not substantially change across different districts and is thus neutral." *See AGIS Software Dev. LLC v. HTC Corp.*, No. 2:17-cv-00514-JRG, 2018 WL 4680557, at *7 (E.D. Tex. Sept. 28, 2018).

Consequently, both parties have identified evidence, some of which is in this District and some of which is in NDCA. The fact that the Google evidence in NDCA was created and maintained there, as well as its custodians being there, is undercut by the evidence maintained at Samsung's Plano location. Additionally, all the evidence is both electronic and accessible anywhere. Thus, on balance, the Court finds that this factor is neutral.

### b. Availability of Compulsory Process

The next private factor is the availability of compulsory process to secure the attendance of unwilling witnesses. Samsung has identified some 30+ potential third-party witnesses who could be compelled to testify at trial in NDCA because they reside in California, while none reside in this District. Dkt. No. 54 at 8-9; Dkt. No. 89 at 4. They assert that these witnesses have knowledge "about the design and functionality of the accused features," as well as "licenses with Cerence." Dkt. No. 54 at 9; Dkt. No. 89 at 4. Samsung further argues that numerous witnesses and companies with knowledge of relevant prior art identified in Samsung's invalidity contentions reside in California, and that this merits transfer because cases with "similar facts" have been transferred to NDCA in the past. Dkt. No. 54 at 9.[3]

In response, Cerence identifies four former Cerence employees and two Cerence customers who have relevant knowledge about the patented technology and who reside in Texas. Dkt. No. 84 at 10. As to the former, Cerence asserts that they "may have relevant knowledge about the value or operations, sales, marketing, research, and development of the accused Cerence product." *Id.* As to the latter, Cerence asserts that they "may want to call witnesses from its largest customers to testify about the value of the patented technology" and that this includes Toyota and Tesla who recently moved their headquarters to Texas. *Id.* Cerence also argues that some of Samsung's prior-art witnesses reside in Texas and can only be subpoenaed here. *Id.* at 12.

The Court is unpersuaded by movant's arguments. As to Samsung's prior-art witnesses, based on the relevant facts and issues in this case, we find that they are highly unlikely to actually testify at trial, and Samsung has offered no argument demonstrating anything to the contrary. *In*

---

[3] The Court notes that the cases Samsung cites to in support of its argument regarding situations with "similar facts" (Dkt. No. 54 at 9) in which transfer was granted all predate *In re Clarke* and Samsung never addresses the issue of evidence actually materializing.

*re Clarke*, 94 F.4th 508 (Requiring the Court to consider, as is relevant here, whether evidence in the form of prior art inventor testimony is actually likely to appear at trial). As to Samsung's other third-party witnesses, while a significant number, the Court is once again not convinced that they will actually materialize. This is an unrealistically high number due to the typical time allotted to each party to present their case at trial. The Court rarely sees third-party fact witnesses being called at trial, either live or by a deposition (which could be taken in any district). Samsung has failed to allege any facts indicating that the situation would be any different in NDCA. Further, Cerence alleged that compulsory process is irrelevant to Google employees since Google is cooperating with Samsung in this matter (Dkt. No. 84 at 12), something that Samsung does not deny (*see* Dkt. No. 89 at 4; *see also* Dkt. No. 54 at 12-13 (identifying several Google engineers as willing witnesses)).[4] The availability of compulsory process or subpoena power to secure the attendance of unwilling witnesses "receives less weight when it has not been alleged or shown that any witness would be unwilling to testify." *In re Planned Parenthood*, 52 F.4th at 630-31 (citations omitted).

Overall then, the parties have pointed to a series of witnesses located in both forums that may have relevant knowledge, but none of whom have been specifically identified as unwilling. Thus, at best, both forums have (possibly unnecessary) subpoena power over multiple potential witnesses. Accordingly, the Court finds this factor to be neutral.

### c. Cost of Attendance for Willing Witnesses

The next private factor is the cost of attendance for willing witnesses.

For this factor, Samsung identifies two sets of witnesses: three SEC engineers who were involved in the development of the three accused Samsung applications (Samsung Messages, Bixby, and Samsung Keyboard) and eleven Google engineers who were involved in the

---

[4] The Court also notes that Cerence never showed that any of their witnesses were unwilling.

development of three other accused Google applications (Google Messages, Google Assistant, and Gboard). Dkt. No. 54 at 4-6. Samsung claims that the SEC engineers are based out of South Korea (*Id.* at 4) and that the Google engineers are all in California except for one who is in Beijing (*Id.* at 6), and so, it will be more convenient for these witnesses to appear for trial in NDCA. *See id.* at 12-13 (citing *In re TikTok*, 85 F.4th at 361 (finding that it is more convenient for witnesses from Asia to travel to NDCA, rather than to Texas)). Samsung admits it maintains an office in TX but that personnel there are focused on activities such as "sales, marketing, and commercialization for Samsung devices." *Id.* at 12.

Cerence, in turn, identifies six sets of witnesses: it asserts that it may call approximately six technical team members who will mostly come from Europe, Montreal, Michigan, and Massachusetts (Dkt. No. 84 at 5-6 (citing Dkt. Nos. 84-1, 84-2, 84-3, 84-4, 84-5, 84-6, 84-7, 84-8, 84-9)); an unknown number of unnamed marketing witnesses coming from Cerence's Massachusetts or Michigan offices (*Id.* at 6); one member of its legal team coming from Massachusetts (*Id.* (citing Dkt. No. 84-9 at ¶ 12)); two Samsung witnesses based in Texas (*Id.* at 9 (citing Dkt. No. 84-17)); nine inventors based out of Massachusetts and Sweden (*Id.* (citing Dkt. No. 54 at 3)); and an unknown number of unnamed Cerence customers (*Id.* (citing Dkt. Nos. 84-19, 84-20, 84-21)).

The cost of attendance for willing witnesses factor has been described as the most important factor to weigh. *In re Genentech*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). Courts properly give more weight to the convenience of non-party witnesses than to party witnesses. *See Frito-Lay N. Am., Inc. v. Medallion Foods, Inc.*, 867 F. Supp. 2d 859, 870-71 (E.D. Tex. 2012). The Fifth Circuit uses what is known as the "100-mile rule": when the distance between the transferor and proposed transferee venues exceeds 100 miles, "the factor of inconvenience to witnesses increases

10

in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 201; *In re Genentech*, 566 F.3d at 1343; *In re Apple Inc.*, 979 F.3d 1332, 1341 (Fed. Cir. 2020). However, courts do not just consider how long and far a witness must travel—courts also may consider costs such as "meal and lodging expenses; and absence from work, family, and community." *In re Clarke*, 94 F.4th at 514 n.20 (citing *In re TikTok*, 85 F.4th at 361). This factor "attempts to internalize and minimize those costs by favoring the venue that is more convenient from the perspective of willing witnesses." *Id.* at 514.

As a preliminary matter, the Court discounts Cerence's unnamed marketing and customer witnesses out of hand. Considering these persons would amount to impermissible tallying of witnesses available in each forum. A court should "not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum." *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 547 (S.D.N.Y. 2008). Instead, a court should "qualitatively evaluate the materiality of the testimony that the witnesses may provide." *Id.*; *Seven Networks, LLC v. Google LLC*, 17-cv-441, 2018 WL 4026760, at *8 (E.D. Tex. Aug. 15, 2018) (the convenience factor analysis is more than "a judicial numbers game" of simply counting the prospective witnesses on each side). And it is here where the Court encounters a serious problem: this factor concerns willing witnesses "*for trial.*" *TikTok*, 85 F.4th at 361 (emphasis added).

While Samsung has identified witnesses with potentially relevant knowledge, they do not state that they will be witnesses *for trial*. We reiterate that it is the movant's burden, and "movant's alone," to show the transfer is warranted. *In re Clarke*, 94 F.4th at 508 (citing *Def. Distributed*, 30 F.4th at 433). Conversely, Cerence specifically states that its six technical witnesses would be for trial. Dkt. No. 84 at 6 (Cerence estimates that two technical witnesses may be needed from each

11

of the three relevant teams, so six Cerence technical witnesses will travel *for trial*, each located closer to the EDTX.) (emphasis added).

Accordingly, this factor weighs against transfer.

### d. Other Practical Problems

The final private factor is concerned with other practical problems. One such problem is timeliness. Samsung argues that the timing of the instant Motion presents no issue in this regard because the case is supposedly still in its early stages (Dkt. No. 54 at 13 (citing *Auto. Body Parts Ass'n v. Ford Glob. Techs., LLC*, No. 4:13-CV-705, 2015 WL 123852, at *6 (E.D. Tex. Jan. 7, 2015))), and because (at the time they filed the Motion) it was well in advance of claim construction (Dkt. No. 89 at 5 (quoting *Software Rts. Archive, LLC v. Google, Inc.*, No. 2:07-CV-511-CE, 2010 WL 2950351, at *4 (E.D. Tex. July 22, 2010))).

The Court finds that the motion is untimely. "The Fifth Circuit as well as other circuits have emphasized that a party should not delay filing of a motion to transfer." *In re Wyeth*, 406 F.App'x. 475, 477 (Fed. Cir. 2010) (citing *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)). In *Peteet*, the Fifth Circuit stated that a party seeking transfer should act with "reasonable promptness." *Peteet*, 868 F.2d at 1436. Further, "it is proper for the district court to consider its investment and familiarity with a case . . . ." *Software Rts. Archive*, No. 2:07-CV-511-CE, 2010 WL 2950351, at *4 (citing *In re VTech Communications, Inc.*, 2010 WL 46332 (Fed.Cir. Jan.6, 2010)).

Here, Samsung fails to show it acted with reasonable promptness. It filed the instant motion on October 22, 2024, which is more than a year after it received service of the complaint. *See* Dkt. No. 54; *compare* Dkt. No. 9. Samsung fails to offer any persuasive argument cutting against this. Undermining their argument is their citation to *Software Rts. Archive*, where the court said that *in*

*spite* of the motion being filed well in advance of claim construction, the fact that the case had "progressed significantly since filing" and because "the court ha[d] become familiar with the parties' claims," the final factor "weigh[ed] *heavily against* transfer." *Software Rts. Archive*, No. 2:07-CV-511-CE, 2010 WL 2950351, at *4 (emphasis added). So, too, is it the case here that the Court has invested resources and become familiar with the instant litigation.[5] Accordingly, we assess this factor as weighing heavily against transfer.

### ii. Public Factors

#### a. Court Congestion

Samsung argues that the court congestion factor is neutral, and that it is "the most speculative." Dkt. No. 54 at 14. (quoting *In re Genentech*, 556 F.3d at 1347).

Cerence argues that this factor weighs greatly against transfer. Dkt. No. 84 at 15. They point to our Court's 21.9 month median time to trial compared to NDCA'S 47.9 months. Dkt. No. 84 at 15. They concede, however, that such statistics are no longer particularly relevant.

The Court finds that this factor weighs against transfer. "To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved may be a factor." *Genentech*, 566 F.3d at 1347. "[A]s a general matter, 'the district court is better placed' to evaluate its 'docket efficiency.'" *TikTok*, 85 F.4th at 363 n.12 (quoting *In re Planned Parenthood*, 52 F.4th at 631).

Here, Plaintiff's attempts to substantiate its court congestion argument with statistics are too general to be helpful. Regardless, we assess that this case is proceeding to trial at the pace set out in the Docket Control Order and will likely conclude faster in this Court than in NDCA. Accordingly, this factor weighs somewhat against transfer

---

[5] Further, due to Samsung's lack of diligence in filing the instant Motion, the *Markman* hearing occurred within two weeks after the briefing on this motion was completed. Dkt. No. 104.

13

### b.  Local Interest

Samsung argues that NDCA has a strong local interest in this case "because the cause of action calls into question the work and reputation of several individuals residing in or near that district." Dkt. No. 54 at 13-14 (quoting *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2008)). In support of this, Samsung asserts that the accused functionality was researched, designed, and developed there, and that these are the primary considerations in the analysis under this factor. *Id.* at 14 (citing *In re Juniper*, 14 F.4th at 1320). It further contends that EDTX has "little, if any, local interest" because neither party has any connection to this District. *Id.* Finally, while acknowledging that SEA has a large presence in Plano, Samsung argues that it did not develop the accused technologies, nor does it have access to relevant documents or source code. *Id.*

Cerence responds, arguing that this factor is neutral because "both Samsung's and Cerence's products are sold Nationwide," and that this consequently does not give any single venue a substantial interest. Dkt. No. 84 at 14 (citing *In re Hoffman-La Roche*, 587 F.3d at 1338). It contends that the Fifth Circuit did away with Samsung's proffered design and development argument analysis in *In re Clarke*, which instead directs courts to look to the "event that give rise to a suit." *Id.* at 14-15 (quoting *In re Clarke*, 94 F.4th at 511) (internal citations omitted).

Samsung replies, arguing that *In re Clarke* did not do away with the "design and development" analysis, and that several post-*Clarke* cases have considered this facet. Dkt. No. 89 at 5 (citing *R2 Sols. LLC v. Databricks Inc.*, 2024 WL 4932719, at *6 (E.D. Tex. Dec. 2, 2024) (citing *In re Clarke*)).

The Court finds that this factor weighs in favor of transfer. As Cerence correctly points out, the Fifth Circuit directs courts to consider "the significant connections between a particular

14

venue and the *events* that gave rise to a suit," not "the parties' connections to the venue." *In re Clarke*, 94 F.4th at 511 (emphasis added). In other words, the analysis is concerned with "the interest of *non-party citizens* in adjudicating the case." *Id.* (emphasis in original) (internal citations omitted). However, Samsung is also correct in saying the Fifth Circuit did not do away with the "design and development" facet; this is still a relevant part of the local interests analysis, but only insofar as these events—design, development, and the like—give rise to the suit. *See id.* at 512 ("[Defendant's] research, design, development, manufacturing, and publishing, occurred in and around Austin. [Defendant] used Texas-based servers to host files visitors could download from its website." (citing *Def. Distributed*, 30 F.4th at 435 (internal quotations omitted)).

### c. Familiarity of the Forum with the Law that Will Govern the Case, and Conflict of Laws

Both parties agree that these last two public factors are neutral and the Court agrees with this as well.

### IV. CONCLUSION

After reviewing each factor–having found that one weighs in favor of transfer, three weigh against, with the remaining neutral—and accounting for each one's weight, the Court finds that Samsung has failed to carry its burden to show that NDCA is clearly more convenient than this District. Further, Samsung has failed to explain how any marginal gains in convenience would be "*significant*," as required by the Fifth Circuit.

Accordingly, the Motion to Transfer is **DENIED**.

**SIGNED this 8th day of March, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE