# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CERENCE OPERATING COMPANY,<br><br>Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO. LTD. And SAMSUNG ELECTRONICS AMERICA INC.,<br><br>Defendant. | Case No. 2:23-cv-00482-JRG<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF CERENCE'S RESPONSE TO
SAMSUNG'S OBJECTIONS TO TRANSFER ORDER (DKT. 119)**

## **TABLE OF CONTENTS**

I. LEGAL STANDARD ..................................................................................................1

II. ARGUMENT ...............................................................................................................1

    A. No Errors Regarding the Google Witnesses .................................................1

    B. No Errors Regarding the Burden of Proof for All Third Party Witnesses ...............2

    C. No Error Regarding Willing Witnesses.................................................................3

    D. No Error Regarding Source of Proof ....................................................................4

    E. No Error Regarding Practical Problems ................................................................4

    F. Court Congestion Should Weigh Against Transfer ................................................5

III. CONCLUSION............................................................................................................5

# **TABLE OF AUTHORITIES**

**Cases**

*Def. Distributed v. Bruck*,
   30 F.4th 414 (5th Cir. 2022) ................................................................................................ 1, 2

*Freeman v. Cty. of Bexar*,
   142 F.3d 848 (5th Cir. 1998) ..................................................................................................... 2

*Harrington v. Southwestern Bell Telephone L.P.*,
   2021 WL 2879289 (W.D. Tex. Jan. 14, 2021) ......................................................................... 1

*Ibarra v. Allstate Fire & Cas. Ins. Co.*,
   No. SA-20-CV-00280-JKP, 2021 WL 2516089 (W.D. Tex. June 18, 2021) ........................... 1

*In re Apple Inc.*,
   979 F.3d 1332 (Fed. Cir. 2020) ................................................................................................. 5

*In re Planned Parenthood Fed'n of Am.*, Inc.,
   52 F. 4th 625 (5th Cir. 2022) ..................................................................................................... 5

*Stewart Org., Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988) .................................................................................................................... 2

*Winner Int'l Royalty Corp v. Wang*,
   202 F.3d 1340 (Fed. Cir. 2000) ................................................................................................. 2

**Rules**

Fed. R. Civ. P. 72(a) ........................................................................................................................ 1

I.     **LEGAL STANDARD**

A Magistrate Judge's ruling on a non-dispositive pretrial matter can only be overturned to the extent it is "clearly erroneous or [] contrary to law." Fed. R. Civ. P. 72(a). "The clearly erroneous standard of review does not entitle the reviewing district court to reverse or reconsider the Magistrate Judge's order simply because it would decide the matter differently. *Harrington v. Southwestern Bell Telephone L.P.*, 2021 WL 2879289, at *1 (W.D. Tex. Jan. 14, 2021). Rather, "Federal Rule 72(a) and Section 636(b)(1)(A) set out a highly deferential standard." *Ibarra v. Allstate Fire & Cas. Ins. Co.*, No. SA-20-CV-00280-JKP, 2021 WL 2516089, at *1 (W.D. Tex. June 18, 2021) (cleaned up).

II.     **ARGUMENT**

        A.     **No Errors Regarding the Google Witnesses**

The Report and Recommendation ("R&R," Dkt. 112) properly applied the law when considering third-party Google witnesses. Samsung's Objections lack merit for three reasons.

First, Samsung legally errs by relying the outdated presumption that third parties are unwilling. Dkt. 119 at 1 (citing 2021 case). After 2022, movants cannot rely on this presumption. Now, the moving party "must adduce evidence" and not merely rely on presumptions. *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022).[1]

Second, even if any presumption existed, it was overcome with a plethora of intrinsic and extrinsic evidence. Google cooperated by supplying witness declarations to Samsung *without subpoena*. *E.g.*, Dkt. 54-5 to 54-7. Samsung named Google as a real party-in-interest in IPR2024-00978, -00979, -01464, and -01465 against Cerence's patents. The evidence sufficiently shows

---

[1] Non-movants still enjoy this presumption because "[i]t is the movant's burden—and the movant's burden alone— to 'adduce evidence.'" *In re Clarke*, 94 F.3d 502, 508 (5th Cir. 2024).

that Google will send its witnesses to help Samsung across the country.

Finally, Samsung waived its right for the Court to alternatively consider Google's witnesses as willing witnesses by failing to raise this alternative argument in its opening brief. Dkt. 54 at 12–13; Dkt. 119 at 1 (denying their willingness); *e.g., Freeman v. Cty. of Bexar,* 142 F.3d 848, 851 (5th Cir. 1998); *Def. Distributed*, 30 F.4th at 433 (the moving party "must adduce . . . arguments").

### B. No Errors Regarding the Burden of Proof for All Third Party Witnesses

The R&R made no errors when applying the heightened burden recently enumerated by the Fifth Circuit in *In re Clarke*, which requires the movant[2] to adduce evidence clearly showing that each witness is likely to *actually* materialize. 94 F.3d at 502, 508–509 (5th Cir. 2024); Dkt. 119 at 1–2, 7. Samsung argues the court should have followed outdated, non-binding legal precedent from EDTX and Federal Circuit cases. Dkt. 119 at 1–2. The R&R correctly dismissed Samsung's reliance on outdated and non-binding EDTX and Federal Circuit caselaw, noting that those cases "all predate *In re Clarke*," and "Samsung never addresses the issue of evidence actually materializing" (whether at trial, or elsewhere such as in hearings) thus waiving it entirely. Dkt. 112 at 8; *see* Dkt. 84 at 2, 10–12; Dkt. 96 at 1–2 (arguing standard). The R&R made a factual finding that the prior art witnesses are unlikely to testify in part based on the "unrealistically high number due to the typical time allotted to each party to present their case at trial." Dkt. 112 at 9.

Transfer motions are governed by the law of the regional circuit. *See e.g., Winner Int'l Royalty Corp v. Wang*, 202 F.3d 1340, 1352 (Fed. Cir. 2000) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988)) ("[M]otions to transfer, as a procedural matter, [are] governed by the law of the regional circuit in which [the district court] sits."). *Clarke*, as recent Fifth Circuit

---

[2] The burden of proof is "the movant's alone," so it is error to make presumptions/assumptions *against the non-moving party*. *In re Clarke*, 94 F.4th at 508, 513. The 2021 Federal Circuit cases cited on page 2 of Samsung's Objections can no longer apply against non-movants.

2

precedent, is binding over older and contrary Federal Circuit caselaw.

Judge Payne correctly considered whether the prior art witnesses would actually materialize at trial and held that "based on the relevant facts and issues in this case, we find that they are highly unlikely to actually testify at trial, and Samsung has offered no argument demonstrating anything to the contrary." Dkt. 112 at 8. Numerous facts in the record support this finding, including the fact that Samsung has agreed to provide a *Sotera* stipulation, Samsung's conduct in prior similar cases, and Samsung's failure to explain why this case would require an unusually high number of prior art witnesses. Dkt. 96 at 1; Dkt. 84 at 11–12. Samsung did not rebut these facts. Therefore, there was no error of law or fact.

When it came to giving witnesses reduced weight or no weight, Judge Payne correctly applied *In re Clarke*. 94 F.4th at 508. There is no "good cause" for transfer even when Samsung has evidence that "merely shows that the transferee venue 'is more likely than not to be more convenient.'" *Id.* Samsung must further show "(1) that the marginal gain in convenience will be significant, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue." *Id.*; Dkt. 112 at 3–4. Under this standard, any witnesses whom Samsung has not "clearly demonstrated" is needed in court (at trial or hearings) cannot serve as good cause for transfer at all—not even a discounted amount.

### C.      No Error Regarding Willing Witnesses

The R&R correctly required that Samsung "makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue." Dkt. 112 at 4. Based on "materiality," the R&R focused on travel to Texas to materialize "at trial," and Samsung failed to meet this burden of proof. *Id.* at 11. It was harmless error that the R&R did not also consider whether Samsung's witnesses would have materialized in Texas for hearings because

Samsung never made such an argument. Samsung's opening motion did *not even acknowledge* the "*actually* materialize" standard, so Samsung neither recognized or argued that its witnesses needed to materialize *at all* at a hearing, trial, or other proceeding. Dkt. 54 at 8 (legal standard).

Samsung argues that the Court failed to disregard Cerence's reliance on 6 "unnamed Cerence engineers" and cannot "explain their relevance." Dkt. 119 at 3. Contrary to Samsung's statement, Cerence identified the names, title, and location of each relevant employee along with their team members in the declaration of Nadine Parla. Dkt. 84, Ex. 9 ¶ 6 and Appendix A–C. Cerence explained why these groups of witnesses were needed (2 engineers per product where marking is at issue). Dkt. 84 at 5–6.[3]

### D. No Error Regarding Source of Proof

Samsung has not found any error with the R&R regarding the sources of proof. Samsung's Objections merely rehash Samsung's arguments and ignore Cerence's sources of proof without addressing how they should be weighed against each other. Thus, Samsung again failed to meet the burden of proving that for sources of proof, "the marginal gain in convenience will be *significant*" if trial is held in the NDCA. *Clarke*, 94 F.4th at 508 (emphasis original). Also, the R&R found that Samsung's evidence was "too vague and speculative." Dkt. 112 at 7. Samsung's Objections failed to address Samsung's evidentiary failure.

### E. No Error Regarding Practical Problems

The R&R properly weighed the practical problems against Samsung because Samsung delayed its motion until more than a year after the complaint. Dkt. 119 at 4. Samsung's objections attempt to fault Cerence for somehow not identifying Google as a relevant party. This argument has no merit because Samsung has known, since the filing of the complaint, that the accused

---

[3] The R&R discounted Cerence's "unnamed marketing and customer witnesses" who were not similarly identified by name in a declaration. Dkt. 112 at 11.

Samsung Galaxy mobile devices use Google software and operating system. Dkt. 1, *passim*. Even after supposedly learning of Google's relevance in March 2024 (Dkt. 119 at 4), Samsung still delayed until October 2024 before filing the transfer motion. Dkt. 55. Samsung's Objections convenient provide a case for comparison: *In re Apple Inc.*, 979 F.3d 1332 (Fed. Cir. 2020). "In September 2019, Uniloc sued Apple . . . . In November 2019, Apple moved to transfer." *Id.* at 1336–37. Samsung took a year to do what Apple did in two months.

### F. Court Congestion Should Weigh Against Transfer

If the R&R erred on this factor, it should have weighed court congestion against transfer because this case was timely proceeding to trial. "Under Fifth Circuit law, when a case is timely proceeding to trial, this counsels against transfer." *In re Planned Parenthood Fed'n of Am*., Inc., 52 F. 4th 625, 632 (5th Cir. 2022).

Samsung's objections rely on *In re Google* for the rule that this factor does not matter if the patent owner is not engaged in competition, as was the case for the NPE Jawbone. Dkt. 119 at 9; 58 F.4th 1379, 1383 (Fed. Cir. 2023). This was later overruled by the Fifth Circuit.

### III. CONCLUSION

Samsung's Objections do not demonstrate reversable error. Samsung makes inaccurate assumptions, ignores Cerence's facts, and relies on outdated law. Samsung also waived its objections to the threshold question, which Samsung must win (rather than leave undecided). Cerence respectfully asks the Court to overrule Samsung's objections and deny transfer.

Dated: April 7, 2025                    Respectfully submitted,

                                        By: */s/ Qi (Peter) Tong*

                                        Reza Mirzaie (CA SBN 246953)
                                        rmirzaie@raklaw.com
                                        Marc A. Fenster (CA SBN 181067)

5

mfenster@raklaw.com
Neil A. Rubin (CA SBN 250761)
nrubin@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
Jacob Buczko (CA SBN 269408)
jbuczko@raklaw.com
James Tsuei (CA SBN 285530)
jtsuei@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Daniel B. Kolko (CA SBN 341680)
dkolko@raklaw.com
Mackenzie Paladino (NY SBN: 6039366)
mpaladino@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

Qi (Peter) Tong (TX SBN 24119042)
**RUSS AUGUST & KABAT**
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: (310) 826-7474

*Attorneys for Plaintiff Cerence Operating Co.*

6

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on April 7, 2025, I electronically filed the foregoing document using the CM/ECF system which will send notifications to all parties of record.

April 7, 2025                                                          /s/ *Qi (Peter) Tong*
                                                                              Qi (Peter) Tong