# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CERENCE OPERATING COMPANY, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> SAMSUNG ELECTRONICS CO., LTD. and § <br> SAMSUNG ELECTRONICS AMERICA, § <br> INC., § <br> § <br> *Defendants*. § | 2:23-CV-00482-JRG-RSP |

## SAMSUNG'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE EXPERT OPINIONS OF JULIA R. ROWE (DKT. 137)

## TABLE OF CONTENTS

          **Page**

A. *EcoFactor* Is Distinguishable And Does Not Support Exclusion .......................... 1

B. *Optis* Is Distinguishable And Does Not Support Exclusion ................................. 2

C. *Apple Inc. v. Wi-LAN Inc.* Is Distinguishable And Does Not Support Exclusion ................................................................................................................ 3

D. Conclusion ............................................................................................................. 4

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Apple Inc. v. Wi-LAN Inc.*,
  25 F.4th 960 (Fed. Cir. 2022) ............................................................................................... 4

*CosmoKey Sols. GMBH & Co. KG. v. Duo Sec., Inc.*,
  No. CV 18-1477-JLH-CJB, 2025 WL 1435846 (D. Del. May 19, 2025) ............................... 1

*EcoFactor, Inc. v. Google LLC*,
  137 F.4th 1333 (Fed. Cir. 2025) ............................................................................................ 1

*M2M Solutions LLC v. Sierra Wireless America, Inc.*,
  No. 14-1102-RGA, 2020 WL 7767639 (D. Del. Dec. 4, 2020) ............................................. 1

*Optis Cellular Tech., LLC v. Apple, Inc.*,
  Nos. 2022-1904, WL 1680253 (Fed. Cir. June 16, 2025) ..................................................... 3

Samsung's opposition does not, as Cerence argues in reply, rest on "attorney argument," but instead on Ms. Rowe's thorough, well-supported opinions regarding ███████████ ███████. Ms. Rowe relies on Samsung's technical expert Mr. Bress's opinion that ███████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████

███████████████████████████. In reply, Cerence repeats the same flawed arguments from its motion, including its misinterpretation of the three chief cases upon which its motion relies, *EcoFactor*, *Optis,* and *Apple v. Wi-LAN*.

### A.     *EcoFactor* Is Distinguishable And Does Not Support Exclusion

Cerence's reply continues to turn *EcoFactor* on its head. Nothing in *EcoFactor* or any other case holds that "agreed," as opposed to unilateral, recitals are binding. Indeed, as Cerence itself points out, *EcoFactor* did not involve such a fact pattern, nor did it otherwise address the effect of "agreed" recitals. *EcoFactor, Inc. v. Google LLC*, 137 F.4th 1333, 1341-42 (Fed. Cir. 2025); Dkt. 153 ("Opp.") at 5-6. By contrast, Samsung's opposition cited cases—none of which Cerence attempts to distinguish in its reply—that reject plaintiffs' reliance on similar "agreed" disclaimers in patent license agreements that putatively precluded the agreements' use in future cases for damages. Opp. at 7 (citing *CosmoKey Sols. GMBH & Co. KG. v. Duo Sec., Inc.*, No. CV 18-1477-JLH-CJB, 2025 WL 1435846, at *1 (D. Del. May 19, 2025); *M2M Solutions LLC v. Sierra Wireless America, Inc.*, No. 14-1102-RGA, 2020 WL 7767639, at *17 (D. Del. Dec. 4, 2020)).

Cerence also mischaracterizes *EcoFactor* as "not about 'not do[ing] the work to calculate the per-unit royalty rate,'" and criticizes Ms. Rowe's ███████████████████████████████

1

Reply at 2-3. Cerence is wrong on both counts. First, the Federal Circuit in *EcoFactor* faulted the plaintiff's expert for simply *assuming* a per-unit rate based on the recitals of agreements, ▬

Finally, Cerence is wrong in contending that Ms. Rowe made three mischaracterizations of ▬

First, as Samsung's opposition explains, Ms. Rowe correctly testified ▬ Indeed, Ms. Rowe expressly cited them in her report. Opp. at 3 (citing Opp., Ex. 1 at ¶ 170), 9 (citing Pl. Mot. Ex. C at 37:10-11, 37:18-19, 38:10-11; Ex.). Second and third, Ms. Rowe does not mischaracterize ▬ Opp. at 8.

### B.  *Optis* Is Distinguishable And Does Not Support Exclusion

In its reply, Cerence continues to rely on *Optis Cellular Tech., LLC v. Apple, Inc.*, ignoring

2

Samsung's explanation that the *Optis* case involved a settlement agreement that resolved all "worldwide litigation" between Apple and Qualcomm; ▮

▮Reply at 4; Opp. at 9 (citing *Optis Cellular Tech., LLC v. Apple, Inc.*, Nos. 2022-1904, 2022-1925, 2025 WL 1680253, at *14 (Fed. Cir. June 16, 2025) (Pl. Mot. Ex. G at 33)). *Optis* is therefore inapplicable and does not support Cerence's arguments.

Cerence fails to respond to Samsung's other opposition arguments. For example, Cerence does not dispute that ▮ . Opp. at 10-11 (citing Opp., Ex. 2 at 229:4-10).

**C.   *Apple Inc. v. Wi-LAN Inc.* Is Distinguishable And Does Not Support Exclusion**

Cerence also continues to rely on an incorrect reading of *Apple Inc. v. Wi-LAN Inc.* There, the plaintiff's expert assigned 75% of the value of the three comparable licenses to the two patents

3

at issue in the litigation even though those licenses include many other patents. 25 F.4th 960, 972-973 (Fed. Cir. 2022). To justify this allocation, that expert alleged that the licenses were negotiated based on the litigated patents, which he described as the "key patents." *Id.* The court rejected that expert's methodology relying on two "key patents" because it was not supported by the facts. *Id.* at 973-74. *Wi-LAN* does not establish a general rule that experts in all cases must identify the "key patents" in a comparable agreement, as Cerence argues. In fact, *Wi-LAN* suggests the opposite: it rejects reliance on "key patents" when there is insufficient basis for such reliance.

Unlike the expert in *Wi-LAN*, Ms. Rowe ▮

**D.     Conclusion**

For the foregoing reasons, the Court should deny Cerence's motion in its entirety.[1]

---

[1] Cerence's reply does not address its other request to strike Ms. Rowe's opinions relying on allegedly late-produced usage data. At any rate, that data and Ms. Rowe's related opinions should not be excluded for the reasons stated in Samsung's briefing opposing Cerence's separate motions as to Samsung's experts, Dr. Joel Steckel, and Mr. James Bress. Dkt. 139, 141, 152, 154. Samsung incorporates by reference its opposition and sur-reply briefing to those motions.

4

Dated: July 25, 2025

Respectfully submitted,

By:   /s/ *Melissa R. Smith*
Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450

Darin W. Snyder
dsnyder@omm.com
Luann L. Simmons
lsimmons@omm.com
Mark Liang (Pro Hac Vice)
mliang@omm.com
Bill Trac
btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: 415 984-8700
Facsimile: 415-984-8701

Hyun Min Han (Pro Hac Vice)
kelvinhan@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street, 17th Floor
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Jeffrey D. Baxter (Tex. #24006816)
jbaxter@omm.com
Frances Mackay (Tex. #24109494)
fmackay@omm.com
**O'MELVENY & MYERS LLP**
2801 North Harwood Street, Suite 1600
Dallas, TX 75201-2692
Telephone: (972) 360-1900

Renia Zervos (Pro Hac Vice) rzervos@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW

Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (903) 934-9257

Jin-Suk Park
jin.park@arnoldporter.com
Ali R. Sharifahmadian
ali.sharifahmadian@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Facsimile: (202) 942-5555

Patrick C. Reidy
patrick.reidy@arnoldporter.com
Raj Patel
raj.patel@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
70 West Madison Street, Suite 4200
Chicago, IL 60602
Telephone: (312) 583-2424
Facsimile: (312) 583-2360

Ryan M. Nishimoto
ryan.nishimoto@arnoldporter.com
Daniel S. Shimell
daniel.shimell@arnoldporter.com
Doug Clark
douglas.clark@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Albert J. Boardman
albert.boardman@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

*Attorneys for Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail.

Dated: July 25, 2025        /s/ Melissa R. Smith
                                            Melissa R. Smith


Dated: July 25, 2025        /s/ Melissa R. Smith
                                            Melissa R. Smith